IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CONSTRUCTION INDUSTRY LABORERS )
PENSION FUND, a Trust Fund, )
           )
    and )
           )
PATRICK PRYOR and STEVE SCHRIMPF, )
TRUSTEES OF THE CONSTRUCTION INDUSTRY )
LABORERS PENSION FUND, )
           )
    and )
           )
CONSTRUCTION INDUSTRY LABORERS )
WELFARE FUND, a Trust Fund, ) No.
           )
    and )
           )
PERRI L. PRYOR and STEVEN GLENN )
TRUSTEES OF THE CONSTRUCTION )
INDUSTRY LABORERS WELFARE FUND, )
           )
                           Plaintiffs, )
           )
    vs. )
           )
**PREMIER WATER & SEWER SERVICES, LLC.** )
[SERVE:    Julie Ann Carter )
             REGISTERED AGENT )
             31 Riverboat Drive )
             St. Peters, MO 63376] )
           )
                        Defendant. )

## C O M P L A I N T

### COUNT I

Come now Plaintiffs, Construction Industry Laborers Pension Fund, a Trust Fund, and

Patrick Pryor and Steve Schrimpf, duly appointed and acting Trustees of the Construction Industry

Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund

and all the Trustees of the Construction Industry Laborers Pension Fund, and, for their cause of action under Count I against Defendant, state:

1.      This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

2.      Plaintiffs, Patrick Pryor and Steve Schrimpf are duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund; Plaintiff, Construction Industry Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

3.      Said Plaintiff Fund was established on October 1, 1964, pursuant to the collective bargaining agreement entered into between the Heavy Constructors Association of the Greater Kansas City Area and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4.      Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

5.      Defendant's registered agent may be served at 31 River Boat Drive, St. Peters, St. Charles County, Missouri, and therefore venue is proper in this court.

6.      Defendant is a Missouri limited liability company doing business in the State of Missouri and particularly in the Eastern District of Missouri; that Defendant at all times material

herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

7.      In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8.      At all times material herein, Defendant stipulated and agreed and was bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect that required employee benefit plan contributions to the Plaintiff Fund; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9.      Laborer employees of the Defendant were employed under the terms of the collective bargaining agreements between the Site Improvement Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from the date of the Stipulation to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.     An audit of Defendant's books and records was performed for the period January 1, 2017 through December 31, 2017 which found **FOUR THOUSAND, TWO HUNDRED ONE AND 76/100 ($4,201.76) DOLLARS** due in unpaid contributions, **FIVE HUNDRED AND 54/100 ($500.54) DOLLARS** in liquidated damages, and **ONE HUNDRED TEN AND 40/100 ($110.40) DOLLARS** in interest for a total of **FOUR THOUSAND, EIGHT HUNDRED TWELVE AND 70/100 ($4,812.70) DOLLARS.**

11.     Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2018** to date, and Plaintiffs are unable to determine the

{00351379;CILE17-164;BJS }                                    3

amount of contributions owed by Defendant for said period without an accounting of the books and records of Defendant.

12.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

13.     Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

14.     The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15.     The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

16.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

{00351379;CILE17-164;BJS }                                                4

17.     Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     Judgment against Defendant and in favor of Plaintiffs in the amount of **FOUR THOUSAND, TWO HUNDRED ONE AND 76/100 ($4,201.76) DOLLARS** due in unpaid contributions, **FIVE HUNDRED AND 54/100 ($500.54) DOLLARS** in liquidated damages, and **ONE HUNDRED TEN AND 40/100 ($110.40) DOLLARS** in interest for a total of **FOUR THOUSAND, EIGHT HUNDRED TWELVE AND 70/100 ($4,812.70) DOLLARS** .

B.     An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from January 1, 2018 to date; and

C.     For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period January 1, 2018, to date; and

D.     For judgment against Defendant for liquidated damages; and

E.     For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

F.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

G.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

H.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

I.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

J.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

K.      For judgment against Defendant for costs incurred in this action; and

L.      For such other relief as the Court may deem appropriate.

## **COUNT II**

Come now Plaintiffs, Construction Industry Laborers Welfare Fund, a Trust Fund, and Perri Pryor and Steven Glenn, duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1.      Plaintiffs, Perri Pryor and Steven Glenn, are duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund; Plaintiff Construction Industry Laborers Welfare Fund (hereinafter referred to as "Plaintiff

Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.      Said Plaintiff Fund was established on April 1, 1972, pursuant to the collective bargaining agreement between the Associated General Contractors of Missouri (hereinafter referred to as "Association") and the Eastern Missouri Laborers Council and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3.      Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2018** to date, and Plaintiffs are unable to determine the amount of contributions owed by Defendant for said period without an accounting of the books and records of Defendant.

4.      An audit of Defendant's books and records was performed for the period January 1, 2017 through December 31, 2017 which found FIVE THOUSAND, SIX HUNDRED FOUR AND 36/100 ($5,604.36) DOLLARS due in unpaid contributions, EIGHT HUNDRED THIRTY-SIX AND 20/100 ($836.20) DOLLARS in liquidated damages, and ONE HUNDRED FORTY-SEVEN AND 25/100 ($147.25) DOLLARS in interest for a total of SIX THOUSAND, FIVE HUNDRED EIGHTY-EIGHT AND 31/100 ($6,588.31) DOLLARS.

5.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17) and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      Judgment against Defendant and in favor of Plaintiffs in the amount of FIVE THOUSAND, SIX HUNDRED FOUR AND 36/100 ($5,604.36) DOLLARS due in unpaid contributions, EIGHT HUNDRED THIRTY-SIX AND 20/100 ($836.20) DOLLARS in liquidated damages, and ONE HUNDRED

FORTY-SEVEN AND 25/100 ($147.25) DOLLARS in interest for a total of SIX THOUSAND, FIVE HUNDRED EIGHTY-EIGHT AND 31/100 ($6,588.31) DOLLARS.

B.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from January 1, 2018 to date; and

C.      For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period January 1, 2018, to date; and

D.      For judgment against Defendant for liquidated damages; and

E.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

F.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

G.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

H.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

I.       For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

J.       For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

K.      For judgment against Defendant for costs incurred in this action; and

L.      For such other relief as the Court may deem appropriate.

## COUNT III

1.      Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund,  (hereinafter referred to as "Plaintiff Funds"), are Section 302 (29 U.S.C. § 186) trust funds and employee benefit plans as defined in 29 U.S.C. § 1001, et seq.; that Plaintiffs Patrick Pryor and Steve Schrimpf, are the duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Construction Industry Laborers Pension Fund; that Plaintiffs Perri Pryor and Steve Glenn, (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Construction Industry Laborers Welfare Fund; that this action arises under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185.

2.      Defendant Premier Water and Sewer Services, LLC. is a Missouri limited liability company doing business in the State of Missouri and particularly in the Eastern District of Missouri, and at all times material herein employed laborers performing work covered by the collective bargaining agreements herein mentioned.

3.      Defendant, at all times material herein, stipulated and agreed to be bound by collective bargaining agreements requiring contributions to the Plaintiff Funds; Defendant thereby became bound by the terms and conditions of the collective bargaining agreement then in effect and that would subsequently be in effect between the Association and the Union.

4.      Plaintiff Funds are trust funds existing and established pursuant to collective bargaining agreements between the Association and the Union.

5.      The laborer employees of Defendant were employed under the terms of said collective bargaining agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each employee covered by and subject to said agreements; and during said period to

submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month along with payments of such sums; Defendant has failed and refused to timely submit remittance reports and correct contributions to Plaintiff Funds in accordance with the terms of said collective bargaining agreements and the Plaintiff Funds' Trust Agreements and Amended Trust Agreements for the months of JUNE 2017 THROUGH AUGUST 2017.

6.      The collective bargaining agreements and Trust Agreements herein mentioned provide that, if payment of sums due said Funds therein mentioned are made later than the time required, the Boards of Trustees may impose on the employer liquidated damages, interest, reasonable attorneys' fees and Court costs incurred to enforce timely payments from Defendant employer.

7.      Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiff Funds pursuant to and in accordance with the terms and conditions of the relevant collective bargaining agreements and Trust Agreements as amended, and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Funds to enforce said Defendant's obligations under said Section 515 of ERISA; that pursuant to Section 502(a)(3)(A) of ERISA, 29 U.S.C. §1132(a)(3)(A), Plaintiff Funds are entitled to an award of liquidated damages and interest on said delinquent fringe benefit contributions as provided for in the aforesaid collective bargaining agreement and Trust Agreements, as amended, such other legal or equitable relief as the Court deems appropriate in the circumstances, reasonable attorneys' fees, and their costs of this action.

8.      The assessment of liquidated damages and interest against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of JUNE 2017 THROUGH AUGUST 2017 totals FIVE HUNDRED SIXTY-ONE AND 79/100 ($561.79) DOLLARS.

9.      Demand has been made by Plaintiff Funds for payment of the liquidated damages and interest and Defendant has failed to tender payment of said amount.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of FIVE HUNDRED SIXTY-ONE AND 79/100 ($561.79) DOLLARS as and for liquidated damages and interest for the months of JUNE 2017 THROUGH AUGUST 2017; a reasonable attorneys' fee; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

## COUNT IV

1.      Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund (hereinafter referred to as "Plaintiff Funds"), are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq.; that Plaintiffs Patrick Pryor and Steve Schrimpf are the duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Construction Industry Laborers Pension Fund; that Plaintiffs Perri Pryor and Steve Glenn, are the duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund  who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Construction Industry Laborers  Welfare Fund;  and that this action arises under Section 502 and Section 515 of the Employee Retirement Income Security Act, as amended, (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145, and Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185.

2.      This action arises under the same facts and circumstances as the allegations contained in Counts I through III and therefore supplemental jurisdiction is founded under 28 U.S.C. § 1367.

3.    Defendant, Premier Water and Sewer Services, LLC, is a Missouri limited liability company doing business in Missouri and specifically, the Eastern District of Missouri.

4.    Defendant and Plaintiffs entered into a Release and Settlement Agreement wherein Defendant agreed to repay the Plaintiffs employee benefit plan contributions due under a collective bargaining agreement to which Defendant was a party.

5.    Under the terms of the Release and Settlement Agreement referenced above, Premier Water and Sewer Services, LLC. was to pay the Plaintiff Funds a total of TWENTY-SEVEN THOUSAND, THREE HUNDRED TWENTY-FOUR AND 90/100 ($27,324.90) DOLLARS, including interest to the rate of 4% per annum, to Plaintiff Funds in 15 monthly installments of $1,821.66 each beginning October 1, 2017.  The monthly payments were to be submitted commencing January 1, 2017.

6.    The Defendant has made ten (10) of the fifteen (15) monthly settlement payments due.

7.    Plaintiffs have sent demand letters to Defendant for payment of the delinquent settlement amounts in accordance with section 6 of the Release and Settlement Agreement.

8.    Pursuant to the terms of the Release and Settlement Agreement, the entire remaining balance of the Release and Settlement Agreement, $16,986.64 is immediately due and payable as a result of Defendant's default.

9.    The terms of the Release and Settlement Agreement provide that in the event of default, Defendant shall be liable for attorney's fees and costs incurred to collect the balance of the Release and Settlement Agreement.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of NINE THOUSAND ONE HUNDRED EIGHT AND 30/100 ($9,108.30) DOLLARS for unpaid settlement payments due to the Plaintiffs, a reasonable attorneys' fee; and such other legal or equitable relief as the

Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

/s/ Bradley J. Sollars
Bradley J. Sollars, No. 54931

/s/ Aaron D. Schuster
Aaron D. Schuster, No. 68672
1100 Main Street, Ste. 2001
Kansas City, Missouri  64105
(816) 421-5788
FAX (816) 471-5574
Attorneys for Plaintiffs